**Mazhar Alam Mirza WAZIR; Zakara Parveen Mazhar, Petitioners,**

v.

**Eric H. HOLDER, Jr.\*, Attorney General, Respondent.**

**No. 04–76611.**

United States Court of Appeals,
Ninth Circuit.

---

\* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed.

Submitted Feb. 12, 2009.**

Filed Feb. 24, 2009.

Ashwani K. Bhakhri, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Mazhar Alam Mirza Wazir, Sacramento, CA, pro se.

David E. Dauenheimer, Esquire, Richard M. Evans, Esquire, Assistant Director, Don George Scroggin, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, J. Scott Watson, Esquire, Federal Deposit Insurance Corporation, Arlington, VA, for Respondent.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Mazhar Alam Mirza Wazir, a native and citizen of Pakistan, petitions pro se for review of the Board of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") denial of asylum, withholding, and relief under the Convention Against Torture ("CAT"). Wazir claimed persecution in Pakistan on account of his moderate Muslim religion, Westernized democratic political beliefs, and membership in the Mohajir group of refugees from north-central India. We have jurisdiction under 8 U.S.C. § 1252(d), and we deny the petition for review.

During his early life in Pakistan, Wazir was unable to gain admission to college as a result of his Mohajir status, was taunted by and unable to make business deals with

R.App. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

members of other ethnic groups, and was ill-treated by his wife's relatives. Substantial evidence supports the BIA's conclusion that these experiences were incidents of harassment that did not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995).

Substantial evidence also supports the BIA's conclusion that Wazir did not suffer persecution in Pakistan in the late 1990s. The shooting of Wazir's son does not necessarily establish a well-founded fear by Wazir because, in attacking Wazir's son, the shooters were not targeting Wazir himself. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Moreover, it is unclear whether the shooting was even on account of a protected ground. Notwithstanding that Wazir's son was granted asylum on the record of his case, the record in this case could support a finding that the shooting resulted from personal animosity between the son and the shooters, which is not necessarily sufficient to support an asylum claim. *Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001). The incident in which Wazir's land in Pakistan was taken over by squatters also had no demonstrated connection to a protected ground.

Wazir has not shown a well-founded fear, much less a clear probability, of future persecution on account of a protected ground. He returned to Pakistan only one year after his son's shooting and suffered no repercussions, demonstrating that his son's shooters have no interest in targeting Wazir. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Furthermore, the threats of revenge made by the squatters who were ousted from Wazir's land arose from the squatters' personal enmity, which is not a protected ground. *Molina–Morales*, 237 F.3d at 1052. Any threat of danger from Wazir's brother-in-law, who expressed a desire to take revenge on Wazir after he was injured trying to pro-

tect Wazir's land from the squatters, suffers from the same deficiency.

Accordingly, we deny the petition for review of the BIA's denial of asylum and withholding of removal. We do not reach Wazir's claim for relief under CAT because Wazir waived the claim by failing to raise and argue it in his brief to the BIA. *Abebe· v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir.2009) (en banc).

Petition DENIED.